Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
Heather M. Peterson - State Bar No. 261303
hmp@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue
Fourth Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all others similarly situated*

FILED
2012 MAY 16 PM 3: 55
CENTRAL DIST. COURT
LOS ANGELES CALIF.
BY ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CV12-04281- DMG(FFMx)

| | |
|---|---|
| KORA LEE, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | **1. California False Advertising Act, California *Business & Professions Code* § 17500 *et seq.*** |
| NEW VITALITY CORPORATION, a New York corporation, and DOES 1-10, inclusive, | **2. California Unfair Competition Law, California *Business & Professions Code* § 17200 *et seq.*** |
| Defendants. | **3. California Consumer Legal Remedies Act, California *Civil Code* § 1770 *et seq.*** |
| | **JURY TRIAL DEMANDED** |

BY FAX

99003-00001 153094.01

CLASS ACTION COMPLAINT

Plaintiff, Kora Lee, on behalf of herself and all others similarly situated, alleges as follows. Plaintiff's allegations are based on the investigation of counsel, and thus on information and belief, except as to the individual allegations of Plaintiff, as to which Plaintiff has personal knowledge.

## THE PARTIES

1. Plaintiff, Kora Lee, is a citizen and resident of Los Angeles County, California. She purchased ShakeAway diet supplement for herself after reviewing the Defendant's website regarding the product. In the purchase of this product, Plaintiff saw and relied on the marketing and advertising promoting Shakeaway and has been damaged by the purchase of this product as a direct result because of false and/or misleading marketing and advertising materials.

2. Defendant New Vitality Corporation (hereafter "Defendant" or "Defendant New Vitality") is a new York Corporation. Defendant markets and sells ShakeAway to consumers in California and throughout the nation.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. At all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted,

encouraged and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant; there are more than 100 Class members nationwide; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

6. Venue is proper in this District under, 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendant has caused harm to Class members residing in this District.

## FACTUAL ALLEGATIONS

7. Defendant New Vitality, sells ShakeAway, a dietary supplement and makes the following false and or misleading representations about its product on its website:

   1. "There are people who workout... there are people who diet... and then there are ShakeAway people!"

   2. "With ShakeAway, it's finally possible to continue eating the foods you enjoy, but still shed those unwanted pounds."

   3. "Don't confuse ShakeAway with other products you sprinkle on your food, because ShakeAway is unique. Unlike these other supplements, it's proven in numerous scientific studies to help you lose weight"

   4. "What makes ShakeAway so powerful is its key ingredient: glucomannan, a dietary fiber from the Japanese konjac plant. When ingested, glucomannan helps you feel fuller faster, so you consume fewer calories and lose more weight! In fact, in a scientific review of 14 published human clinical studies,

        glucomannan was found to help significantly lower body weight. In one study where subjects followed a 1200 calorie-per-day diet, those who used glucomannan lost 34% more weight than those who followed the diet alone."

5. "Enter ShakeAway. This science-based, natural supplement is something different and something special. The amount of glucomannan provided in ShakeAway is consistent with the amounts used in many studies where glucomannan was shown to promote weight loss. It is also consistent with the amount recommended by the European Panel on Dietetic Products, Nutrition and Allergies, which found that glucomannan helps reduce body weight while dieting."

8. These claims are not supported by reliable scientific evidence, and are, therefore, false and/or misleading.

9. Plaintiff was curious about these claims, and in reliance thereon, decided to purchase ShakeAway. Plaintiff did so after reviewing the challenged marketing claims. Plaintiff used the product as directed, but was damaged in purchasing Defendant's product because Plaintiff did not experience any of Defendant's promised benefits. Plaintiff would not have purchased the product but for the claims made by Defendant. In reality, Defendant's claims about ShakeAway's unique ability to help the user shed pounds by just taking the product are not supported by reliable scientific evidence.

10. Because Defendant has made, and continues to make, unsubstantiated claims concerning ShakeAway, Plaintiff bring this lawsuit to enjoin Defendant from such behavior, and to recover the money taken by Defendant's practices.

//

//

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

11. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated, as members of the class or subclasses (collectively referred to hereafter as the "Class") defined as follows:

(1) <u>California Class</u>: The class that Plaintiff seeks to represent ("the California Class") consists of all persons who are citizens or residents of California who purchased ShakeAway within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family and courtroom staff.

(2) <u>Nationwide Class</u>: The class that Plaintiff seeks to represent ("the Nationwide Class") is defined to include all persons in the United States who purchased ShakeAway within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family and courtroom staff.

12. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

13. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and

identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

14. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    (a) Whether Defendant had any substantiation for its claims regarding ShakeAway prior to making them and, if so, the adequacy of the substantiation;

    (b) Whether Defendant's claims regarding ShakeAway are deceptive or misleading;

    (c) Whether Defendant engaged in false and/or misleading advertising;

    (d) Whether Defendant's conduct as alleged herein violates the CLRA or other laws;

    (e) Whether Defendant's conduct is "unfair" or "unlawful" under Bus.& Prof. Code Section 17200;

    (f) Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

15. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the

Class were caused directly by Defendant's wrongful conduct as alleged herein.

16. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

17. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

18. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

19. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would

substantially impair or impede the ability of such non-party Class members to protect their interests.

20. [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
### *Business and Professions Code § 17500*
### (Violation of the False Advertising Act)
### (By Plaintiff and the Class Against All Defendants)

21. Plaintiff hereby incorporate paragraphs 1-20 above as if set forth in full.

22. California *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

23. Consumers were misled by Defendant's untrue statements and failure to disclose what is required as stated in the Code, as alleged above.

24. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

25. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause

1. irreparable injury to consumers unless enjoined or restrained.

26. In order to prevail on this cause of action, it is <u>not</u> necessary for Plaintiff to show that Defendant acted with intent or malice <u>nor</u> is it necessary for Plaintiff to show knowledge or scienter.

### SECOND CAUSE OF ACTION
### *Business and Professions Code § 17200, et seq.*
### (Violation of the Unfair Competition Law)
### (By Plaintiff and the Class Against All Defendants)

27. Plaintiff hereby incorporate paragraphs 1-26 above as if set forth in full.

28. California *Business and Professions Code* § 17200, *et seq.*, (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful or unfair business practice.

29. The UCL imposes strict liability. Plaintiff need not prove defendant intentionally or negligently engaged in unlawful, or unfair business practices — but only that such practices occurred. Further, in order to prevail on this cause of action, it is <u>not</u> necessary for Plaintiff to show that Defendant acted with intent or malice nor is it necessary for Plaintiffs to show Defendant's knowledge or scienter related to the false or misleading nature of Defendant's claims.

30. The material misrepresentations and non-disclosures by Defendant New Vitality and DOES 1-10 as part of their marketing and advertising of ShakeAway is unlawful and unfair business practice prohibited by the UCL.

31. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

32. The harm to Plaintiff and members of the public outweighs the utility of

Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

33. Defendant's practices are additionally unfair because they have caused Plaintiff and the class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.

34. Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

35. Pursuant to California *Business and Professions Code* § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's misrepresentations and omissions have directly and seriously injured Plaintiff and the putative class by causing them to purchase ShakeAway based upon false and misleading marketing and advertising.

36. The unlawful and unfair business practices of Defendant are ongoing and present a continuing threat that members of the public will be misled into purchasing ShakeAway dietary supplement based upon false and/or misleading marketing and advertising.

37. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues associated with their unfair competition, or such portion of those revenues as the Court may find equitable.

## THIRD CAUSE OF ACTION

### *Civil Code § 1770, et seq.*

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against All Defendants)

38. Plaintiff hereby incorporates paragraphs 1-37 above as if set forth in full.

39. The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

40. Plaintiff has standing to pursue this claim as Plaintiff purchased and used the product, and lost money as a result of such purchase. Plaintiff used ShakeAway as directed, but the product has not worked as advertised, and Plaintiff did not experience any of the promised benefits.

41. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act since Defendant is still representing that their products have characteristics and abilities which are false and misleading, and have injured Plaintiff and the Class.

42. More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of California *Civil Code* § 1770(a) by engaging in the unfair acts and practices set forth herein. Defendant's unfair business practices in carrying out the marketing program described did and do result in the Plaintiff and Class members purchasing Defendant's products, in violation of the CLRA. Cal. Civil Code § 1770, *et seq.*

43. As a result of Defendant's unfair business practices, Plaintiff and all consumers who purchased Defendant's products have suffered damage and lost money in that they paid for services that did not have the benefits as represented. Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair business practices alleged herein.

44. In order to prevail on this cause of action, it is <u>not</u> necessary for Plaintiff to show that Defendant acted with intent or malice nor is it necessary for Plaintiff to show Defendant's knowledge or scienter related to the false or misleading nature of Defendant's claims.

45. Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter"). If Defendant fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative class;

3. For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5. An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6. An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7. An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8. Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, the CLRA, and the common law private attorney general doctrine;

10. For costs of suit; and

11. For such other and further relief as the Court deems just and proper.

DATED: May 15, 2012                    KIRTLAND & PACKARD LLP


By: *[signature]*
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
*Counsel for Plaintiff and the Class*

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

DATED: May 15, 2012                     KIRTLAND & PACKARD LLP

By: *[signature]*
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
*Counsel for Plaintiff and the Class*

99003-00001  153094.01      -14-      CLASS ACTION COMPLAINT

1  I, Kora Lee, declare as follows:

2     1.    I am a Plaintiff in this action, and am a citizen of the State of California. I have
3  personal knowledge of the facts herein and, if called as a witness, I could and would testify
4  competently thereto.

6     2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the
7  proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in
8  which Defendants are doing business.

10  I declare under penalty of perjury under the laws of the State of California that the foregoing is
11  true and correct.

_____
Kora Lee

- 1 -
DECLARATION RE VENUE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV12- 4281 DMG (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORA LEE, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br>NEW VITALITY CORPORATION, a New York corporation, and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-04281-DMG(FFMx)<br><br>SUMMONS |

TO:     DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael Louis Kelly</u>, whose address is <u>2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                           Clerk, U.S. District Court

   Dated: 5/16/2012              By: _____
                                           Deputy Clerk

                                           (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

CCD-1A

COPY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| KORA LEE, on behalf of herself and all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV12-04281-DMG(FFMx) |
| v. | |
| NEW VITALITY CORPORATION, a New York corporation, and DOES 1-10, inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael Louis Kelly</u>, whose address is <u>2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 16 2012     By: ANDRES PEDRO
                           Deputy Clerk

                           1202
                           (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    SUMMONS

CCD-1A

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**BY FAX**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| KORA LEE, on behalf of herself and all others similarly situated, | NEW VITALITY CORPORATION, a New York corporation, and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael Louis Kelly<br>KIRTLAND & PACKARD LLP<br>2041 Rosecrans Avenue<br>Third Floor<br>El Segundo, CA 90245<br>(310) 536-1000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(d)(2)(A) - Class Action Fairness Act Diversity - false and misleading advertising causing Plaintiff and the Class to purchase Defendant's products.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |

FOR OFFICE USE ONLY: Case Number: CV12-04281-DMG(FFMx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] No [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] No [ ] Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Lee - Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Vitality Corporation - New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Lee's claim - Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Heather Peterson_    Date May 16, 2012
Heather M. Peterson

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |